## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Borowske, individually and on behalf of all others similarly situated, and the proposed classes,<br><br>        Plaintiff,<br><br>v.<br><br>FirstService Residential, Inc., and First Service Residential Minnesota, Inc.,<br><br>        Defendants. | Case No. |

## COLLECTIVE AND CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED
_____

Plaintiff Kevin Borowske ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Nichols Kaster, PLLP, brings this action against FirstService Residential, Inc. and FirstService Residential Minnesota, Inc. ("Defendants") for proper overtime pay and other relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Minnesota Fair Labor Standards Act, Minn. Stat. § 177.25 ("MFLSA"), and the Minnesota Payment of Wages Act, Minn. Stat. § 181.101 *et seq.* ("MPWA"). Plaintiff also brings a breach of contract claim against Defendants for their failure to compensate him the overtime pay Defendants promised him and other caretakers pursuant to contract.

## PRELIMINARY STATEMENT

1. Plaintiff brings this case because Defendants intentionally denied him and other caretakers proper compensation for their hours worked in violation of the FLSA, MFLSA, and MPWA.

2. Defendants did this by failing to include compensation, which they pay caretakers in the form of a housing credit, in their calculation of caretakers' regular rate of pay for purposes of calculating overtime compensation.

3. Defendants also failed to honor their contract with Plaintiff and other caretakers, which provides for an overtime premium for the hours worked over 30 in a workweek. Instead, Defendants compensated Plaintiff with an overtime premium for hours worked after 40 hours per week.

4. As a result of Defendants' intentional and illegal pay practices, Plaintiff, and other caretakers who are similarly situated, were deprived of proper overtime compensation for their hours worked in violation of federal, state, and common law.

5. Plaintiff brings this proposed collective and class action on behalf of all individuals who work or worked for Defendants as caretakers at any time since three years prior to the filing of this Complaint through the present and beyond.

## PARTIES

6. Plaintiff is an adult resident of the State of Minnesota.

7. Plaintiff's consent to join this action is attached as Exhibit A.

8. Defendants hired Plaintiff as a caretaker in October 2014. Plaintiff currently works out of Defendants' Centre Village property in Minneapolis, Minnesota.

9. Defendant FirstService Residential, Inc. is a foreign corporation with its principal place of business in Dania Beach, Florida. Defendant FirstService Residential is North America's largest manager of private residential communities, offering a full range of services across multiple geographies to a wide variety of clients, including condominiums (high, medium, and low-rise), co-operatives, homeowner associations, master-planned communities, active adult and lifestyle communities, and a variety of other residential developments governed by common-interest or multi-unit residential community associations. It employs more than 15,000 employees in approximately 100 offices across 25 states.

10. Defendant FirstService Residential Minnesota, Inc. is a subsidiary of Defendant FirstService Residential, Inc. It is a full-service property management company, providing services to communities throughout the Twin Cities metropolitan area. Defendant FirstService Residential Minnesota, Inc. is a property management company which manages townhomes, condominiums, single-family homes, master-planned communities and others.

11. Upon information and belief, at all relevant times, each Defendants' gross annual sales made or business done has been $500,000 or greater.

**JURISDICTION AND VENUE**

12. This action arises under the FLSA, 29 U.S.C. § 201 *et seq*. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

13. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state and common law claims asserted, as the claims derive from a common nucleus of operative fact.

14. Venue is proper in the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

15. Plaintiff, the proposed FLSA Collective, and members of the proposed classes worked or work for Defendants as caretakers.

16. Defendants classify their caretakers as non-exempt employees and pay them on an hourly basis.

17. As a part of their compensation, Defendants provide Plaintiff and others similarly situated with a housing credit, also referred to by Defendants as an allowance. The monthly housing credit, for which Defendants have determined specific values, provides for occupancy of a caretaker unit on Defendants' properties. It also commonly includes utilities, a garage stall, and other amenities.

18. The FLSA and Minnesota law require covered employers, such as Defendants, to compensate all non-exempt employees such as Plaintiff, and others similarly situated, at a rate of not less than 1.5 times their regular rate of pay, for work performed in excess of 40 hours per workweek.

19. For purposes of federal and Minnesota state law, an employee's "regular rate" of pay is determined by adding the employee's total compensation—which includes

the employee's hourly rate and any additional compensation (i.e., the monetary value of the housing credit) and dividing it by the total number of hours worked during the week in which that compensation was earned.

20. Defendants suffered and permitted Plaintiff, and others similarly situated, to work more than 40 hours per week without receiving proper overtime pay by failing to include housing credits in calculating the regular rate of pay used to pay overtime compensation.

21. For example, in the pay period ending December 20, 2019, Defendants compensated Plaintiff with a housing credit of $323.08. During this same pay period, he worked four hours of overtime, and was paid one and 1.5 times a $12 hourly rate for these overtime hours, rather than 1.5 times his regular rate of pay, which is properly calculated by adding the $323.08 housing credit to his hourly pay.

22. Defendants' policy and practice of failing to include housing credits when calculating the overtime rate of pay deprived Plaintiff, and others similarly situated, of the proper overtime wages guaranteed by law.

23. Defendants also denied overtime compensation to Plaintiff, and others similarly situated, by failing to honor the pay promised to them by contract. Those contracts state that Defendants will pay an overtime premium for hours worked beyond 30 each week. Defendants breached these contracts by only paying an overtime premium for hours over 40 in a workweek.

24. Defendants operated under a common scheme to deprive Plaintiff, and others similarly situated, of overtime compensation they were owed.

5

25. Defendants knew Plaintiff, and others similarly situated, worked overtime hours and earned additional compensation in the form of housing credits, and willfully failed and refused to include those credits when calculating the overtime rate of pay as required by law and to pay an overtime premium for hours worked over 30 in a workweek as promised by contract.

26. Plaintiff complained several times to Defendants regarding their failure to include the housing credit wages in his regular rate for purposes of calculating overtime pay and about Defendants' failure to pay overtime for hours worked over 30 in a workweek.

27. Plaintiff spoke with Defendants' Human Resources Department and a Regional Senior Vice President about the housing credit and overtime issues. Upon information and belief, Defendant FirstService Residential Inc.'s corporate payroll department is responsible for Plaintiff's, and others similarly situated's, pay.

28. Plaintiff also contacted the Minnesota Department of Labor and Industry to inquire about whether housing credits must be included as wages in his regular rate for purposes of calculating overtime pay. They informed him that the housing credit is wages/earnings and should be factored into his overtime rate of pay.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

30. Plaintiff brings Count I below on behalf of himself and all others similarly situated, specifically:

> All persons who worked as caretakers for Defendants at any time since three years prior to the filing of this Complaint through the present and beyond (the proposed "FLSA Collective").

31. Plaintiff and the proposed FLSA Collective are victims of Defendants' widespread, repeated, and illegal policies that resulted in violations of their rights under the FLSA.

32. During the applicable statutory period, Plaintiff and the other similarly situated caretakers routinely worked in excess of 40 hours in a workweek without receiving proper overtime compensation for hours worked over 40 in a workweek.

33. Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, denying caretakers proper overtime premiums.

34. There are numerous similarly situated current and former caretakers who have suffered from Defendants' practices who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join. Defendants' caretakers should be identifiable through Defendants' records.

## **MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS**

35. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

36. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Counts II and III individually and on behalf of the following:

> All persons who worked as caretakers for Defendants at any time in Minnesota since three years prior to the filing of this Complaint

through the present and beyond (the proposed "Minnesota Overtime Class").

37. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Counts III and IV individually and on behalf of the following:

> All persons who worked as caretakers for Defendants at any time in Minnesota since six years prior to the filing of this Complaint through the present and beyond who were promised in writing overtime compensation for hours worked over 30 in a workweek (the proposed "Minnesota Breach of Contract Class").

38. The persons in the proposed classes are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, upon information and belief Defendants have employed in excess of 500 individuals as caretakers during the applicable statute of limitations periods. Plaintiff and the proposed classes have been equally affected by Defendants' violations of law.

39. There are questions of law and fact common to the proposed classes that predominate over any questions solely affecting individual members, including but not limited to the following:

   a. Whether Defendants violated Minnesota law by failing to pay caretakers properly for overtime hours worked;

   b. Whether Defendants breached their contract with Plaintiff and other Minnesota caretakers, with respect to payment of overtime wages;

   c. The proper measure and calculation of damages; and

   d. Whether Defendants' actions were willful or in good faith.

40. Plaintiff's claims are typical of those of the proposed classes. Plaintiff, like the other class members, was subject to Defendants' practices and policies described in this Complaint.

41. Plaintiff will fairly and adequately protect the interests of the proposed classes and has retained counsel experienced in complex wage and hour class and collective action litigation.

42. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

43. Plaintiff intends to send notice to all members of the proposed Minnesota Class to the extent required by Fed. R. Civ. P. 23.

## **CAUSES OF ACTION**

### **COUNT I—UNPAID OVERTIME WAGES**
**Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.*
*On Behalf of Plaintiff and the Proposed FLSA Collective*

44. Plaintiff, individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.


45. The FLSA, 29 U.S.C. § 207, requires employers to pay their employees for hours worked in excess of 40 in a workweek at a rate no less than 1.5 times their regular hourly rate of pay.

46. The FLSA requires that value of lodging must be included for purposes of determining the regular rate of pay upon which any overtime compensation due must be calculated.

47. At all relevant times, Plaintiff and others similarly situated were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

48. At all relevant times, Defendants have been employers engaged in interstate commerce within the meaning of the FLSA.

49. Defendants suffered and permitted Plaintiff and the proposed FLSA Collective to work more than 40 hours per week without compensating them at the proper overtime rate for overtime hours worked.

50. By failing to pay proper overtime, Defendants violated the FLSA.

51. Defendants knew or showed reckless disregard for the fact that they failed to pay these individuals proper overtime compensation, constituting a willful violation of the FLSA.

52. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the proposed FLSA Collective to suffer loss of wages and interest thereon.

53. Plaintiff and the proposed FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs related to this claim.

## COUNT II—UNPAID OVERTIME WAGES
**Minnesota Fair Labor Standards Act, Minn. Stat. § 177.25**
*On Behalf of Plaintiff and the Proposed Minnesota Overtime Class*

54. Plaintiff, individually and on behalf of the proposed Minnesota Overtime Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

55. Plaintiff and the proposed Minnesota Overtime Class were or are employees of Defendants, and Defendants were or is their employer. *See* Minn. Stat. §§ 177.23, 177.24, and 181.171, subd. 4.

56. The MFLSA, Minn. Stat. § 177.25, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over 48 in a workweek.

57. Defendants suffered and permitted Plaintiff and the proposed Minnesota Overtime Class to work more than 48 hours in a workweek without proper overtime compensation as required by the MFLSA.

58. Defendants knew or showed reckless disregard for the fact that they failed to pay these individuals proper overtime compensation, constituting a willful violation of the MFLSA.

59. Defendants' failure to comply with the MFLSA overtime protections caused Plaintiff and the proposed Minnesota Overtime Class to suffer loss of wages and interest thereon.

60. Plaintiff and the proposed Minnesota Overtime Class are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs related to this claim.

**COUNT III—UNPAID OVERTIME WAGES**
**Minnesota Payment of Wages Act, Minn. Stat. § 181.101** *et seq.*
*On Behalf of Plaintiff and the Proposed Minnesota Overtime Class and the Proposed Minnesota Breach of Contract Class*

61. Plaintiff, individually and on behalf of the proposed Minnesota Overtime Class and the proposed Minnesota Breach of Contract Class re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

62. Plaintiff and the proposed Minnesota Overtime Class and the proposed Minnesota Breach of Contract Class are current and former employees of Defendants within the meaning of Minn. Stat. § 181.101.

63. Defendants are or were Plaintiff's and the proposed Minnesota Overtime Class and the proposed Minnesota Breach of Contract Class's employer within the meaning of Minn. Stat. § 181.171, subd. 4.

64. Minn. Stat. § 181.101 requires every employer to pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer.

65. It permits recovery at the employee's rate or rates of pay or at the rate or rates required by law, including any applicable statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority, and a penalty. Minn. Stat. § 181.101.

66. Minn. Stat. § 181.101 provides a substantive right for employees to the payment of wages in addition to the right to be paid at certain times.

67. Minn. Stat. § 181.13 provides that when an employer discharges an employee, the wages earned and unpaid at the time of the discharge are immediately due and payable.

68. Minn. Stat. § 181.14 provides that when an employee quits or resigns employment, the wages earned and unpaid at the time must be paid no later than the next regularly scheduled payday.

69. Defendants, pursuant to their pay practices, refused and failed to pay Plaintiff and the proposed Minnesota Overtime Class and the proposed Minnesota Breach of Contract Class properly for all hours worked.

70. By failing to properly compensate Plaintiff and the proposed Minnesota Overtime Class and the proposed Minnesota Breach of Contract Class, Defendants violated, and continue to violate their statutory rights under Minn. Stat. §§ 181.101, 181.13, and 181.14.

71. Defendants' actions were willful and not the result of mistake or inadvertence.  *See* Minn. Stat. § 541.07(5).

72. Defendants' violations caused Plaintiff and the proposed Minnesota Overtime Class and the proposed Minnesota Breach of Contract Class to suffer loss of wages and interest thereon.

73. Plaintiff and the proposed Minnesota Overtime Class and the proposed Minnesota Breach of Contract Class are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs related to this claim.

## **COUNT IV—BREACH OF CONTRACT**
*On Behalf of Plaintiff and the Proposed Minnesota Breach of Contract Class*

74. Plaintiff, individually and on behalf of the proposed Minnesota Breach of Contract Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

75. Defendants entered into a contract with Plaintiff for his employment.

76. The contract provides that hours in excess of 30 per week, excluding building emergency response, will be paid at an overtime rate.

77. Upon information and belief, Defendants entered a similar contract with other caretakers as well.

78. Defendants breached this contract by failing to pay an overtime premium for hours worked over 30 in a workweek. Rather, Defendants did not pay an overtime premium until after 40 hours were worked in a workweek.

79. By denying Plaintiff, and others similarly situated, the overtime premium owed pursuant to contract, Defendants breached the contract.

80. Defendants' actions were willful and the product of bad faith and not the result of a mistake or inadvertence.

81. Defendants' violations caused Plaintiff and the proposed Minnesota Breach of Contract Class to suffer loss of wages and interest thereon.

82. Plaintiff and the proposed Minnesota Breach of Contract Class are entitled to recover damages for the unpaid overtime premiums owed under the contract and for other appropriate relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a) Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the proposed FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendants for an amount equal to Plaintiff's and the similarly situated employees' unpaid overtime wages;

c) A finding that Defendants' violations of the FLSA are willful;

d) An amount equal to Plaintiff's and those similarly situated employees' damages as liquidated damages;

e) Attorneys' fees and costs;

f) An award of any pre- and post-judgment interest; and

g) All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff, as a proposed class representative, individually and on behalf of the proposed classes, prays for relief as follows:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed classes, and the appointment of Plaintiff as a class representative and his counsel as class counsel;

b) Judgment against Defendants for an amount equal to Plaintiff's and the proposed Minnesota Class's unpaid overtime wages;

c) A finding that Defendants' violations are willful;

d) Attorneys' fees and costs;

e) An award of any pre- and post-judgment interest;

f) Any applicable liquidated damages; and

g) All further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and others similarly situated, demands a trial by jury.

Dated: 7/13/20

**NICHOLS KASTER, PLLP**

*s/Michele R. Fisher*
Michele R. Fisher, MN Bar No. 303069
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Fax (612) 215-6870
fisher@nka.com

ATTORNEY FOR PLAINTIFFS