UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kevin Borowske, individually and on behalf of all others similarly situated, and the proposed Minnesota Rule 23 Class,<br><br>    Plaintiffs,<br><br>v.<br><br>FirstService Residential Minnesota, Inc.,<br><br>    Defendant. | Case No. 0:20-CV-01564-ECW |

---

**[PROPOSED] ORDER ON PLAINTIFF'S <u>UNOPPOSED</u> MOTION FOR CLASS AND CONDITIONAL CERTIFICATION AND FOR PRELIMINARY APPROVAL OF SETTLEMENT**

---

This matter is before the Court on Plaintiff's Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement. (ECF No. 38.) The parties consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Civil Rules of Civil Procedure. (Consent, ECF No. 36; Order, ECF No. 37.)

Having reviewed Plaintiff's unopposed filing, the Settlement Agreement and exhibits; and the filings, records, and pleadings in this matter, pursuant to Federal Rule of Civil Procedure 23(e), **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Conditional and Class Certification and for Preliminary Approval of Settlement, (ECF No. 38.), is **GRANTED**.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of settlement only, the Court hereby certifies this lawsuit as a class action on behalf of the settlement group:

> All caretakers or those with similar job titles who worked for Defendant anytime from two years prior to the filing of the action on July 13, 2020 through February 2, 2021 for whom Defendant's records reflect overtime hours worked.

3. In support of certification of this settlement class, for purposes of settlement only, the Court finds as follows:

    a. The parties do not dispute, and the Court concludes, that the 100 Eligible Settlement Class Members satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

    b. There are several important questions of law common to all class members.

    c. Plaintiff Kevin Borowkse's claims emanate from the same conduct of Defendant as those giving rise to the claims of the class members, and his claims are typical of the claims of the class members. His claims do not conflict with those of other class members and rely upon the same legal theories.

    d. Plaintiff Borowske has been thoroughly involved in this matter and can fairly and adequately represent the interests of the class members. Plaintiff's Counsel, Nichols Kaster, PLLP, has extensive experience in wage and hour class and collective litigation and can fairly and adequately represent the interests of the class.

    e. Questions common to the class predominate over any individual claims and resolving the common questions through the settlement of a class action is preferable to doing so through individual litigation of 100 cases.

    f. Plaintiff Borowske is similarly situated to the members of the settlement class, his interests are typical of the rest of the settlement class, he can fairly and adequately represent the settlement class, and therefore the Court certifies Plaintiff Borowske as class representative.

4. Pursuant to the FLSA, 29 U.S.C. § 216(b), for purposes of settlement only, the Court hereby certifies this lawsuit as a collective action on behalf of the following settlement group:

> All caretakers or those with similar job titles who worked for Defendant anytime from two years prior to the filing of the action on July 13, 2020 through February 2, 2021 for whom Defendant's records reflect overtime hours worked.

5. In support of certification of the FLSA settlement group, for purposes of settlement only, the Court finds as follows:

    a. Plaintiff Borowske has shown a colorable basis for the claim that the putative collective members were victims of a single policy or plan.

    b. The factual and workplace settings of individual putative collective members do not detract from the commonalities of their claims.

    c. The various defenses available to Defendant do not appear to be individual to each of the putative collective members.

    d. It is most efficient, effective, and fair to grant relief through the mechanism of a collective action.

6. Both the proposed settlement class and collective consist of the same 100 individuals ("Eligible Settlement Class Members"). Because the class and collective actions are certified for the purposes of settlement only, should the settlement not become effective, this Order certifying the class and collective actions shall be vacated and the parties shall return to the positions they held prior to the entry of this Order. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against Defendant or the Eligible Settlement Class Members.

7. The Court has conducted a preliminary review of the details of the proposed settlement, including information regarding distribution of the settlement and value, the mechanisms for notifying and paying settlement class and collective members, the percentage of anticipated recovery, attorney's fees and costs, and the class representative service award. The Court preliminarily finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Netzel v. W. Shore Grp., Inc.*, 2010 WL 1906955, at *2 (D. Minn. May 5, 2017) (considering an FLSA settlement).

8. The Court finds that the distribution of the Notice of Settlement ("Notice") as proposed and agreed to by the parties meets the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to receive notice.

9. The Court hereby approves distribution of the Notice via mail and email as provided in the forms proposed in the motion and provided at Exhibits 3, 4, and 5.

10. Within five (5) days of this Order, Defendant will provide Class Counsel with information for each Eligible Settlement Class Member that identifies his/her name, last-known address, email, and last-four digits of social security number (the "Class List").

11. Within seven (7) days of receipt of the Class List, Class Counsel shall distribute Notice to Eligible Settlement Class Members by U.S. Mail and by email.

12. Because of the structure of the settlement, class and collective members who do not wish to be included in the settlement class need not submit any statement of exclusion.  They may opt out by declining to cash the settlement check they receive in the mail.  However, any class or collective member who wishes to object to the proposed settlement, request exclusion, or be heard at the final approval hearing and show cause why the proposed settlement should not be approved as fair, adequate, reasonable and in the settlement groups' best interests or why this Court should not enter final judgment may do so according to the following procedure:

    a. The individual must send notice of intent to object to the settlement to Class Counsel.  The notice must contain name, address, case name, and the individual's specific objection or request for exclusion.

    b. The notice of intent to object or request exclusion must be submitted to Class Counsel at the following address on or before the 45-day period specified in the notice of settlement:

> Michele R. Fisher
> Kayla M. Kienzle
> Nichols Kaster, PLLP
> 4700 IDS Center, 80 South Eighth Street
> Minneapolis, Minnesota 55402
> Email: forms@nka.com
> Phone: (612) 256-3200
> Fax: (612) 215-6870

13. Any person who fails to object in the above-described manner shall be deemed to have waived any objections.

14. Class Counsel shall submit the requests for exclusion and the objections to the Court and defense counsel on or before 14 days prior to the final approval hearing.

15. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Michele R. Fisher, Kayla M. Kienzle, and the law firm of Nichols Kaster, PLLP to be competent and adequate in handling complex wage and hour class and collective actions, the Court appoints Michele R. Fisher and Kayla M. Kienzle of Nichols Kaster, PLLP as Class Counsel to represent the class.

16. The Honorable Magistrate Judge Elizabeth Cowan Wright will hold a final approval hearing in Courtroom 3C of the U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, or alternatively, by video conference on [**DATE**] at

[**TIME**].  This hearing will address:  (a) whether the proposed settlement set forth in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interest of the class and collective members; (b) whether the class and collective members should be bound by the release set forth in the Settlement Agreement upon cashing their checks; and (c) whether to approve, with or without modification, the proposed class-representative award and the proposed attorneys' fees and expenses of Class Counsel.  This hearing is subject to adjournment or continuance by the Court.

17. The deadline for Plaintiff to file the Motion for Final Settlement Approval and Dismissal is [**Date 14 days prior to final approval hearing**].  The proposed Final Approval Order and associated proposed Judgment for Dismissal will be submitted to the Court simultaneously with the Motion for Final Settlement Approval and Dismissal.

18.  The parties shall take all reasonable steps to comply with the deadlines set forth in the Settlement Agreement and this Order and the following timeline:

| Defendant provides list for Notice | **Within 5 days of Order** |
|---|---|
| Class Counsel to send Notice | **Within 7 days of receipt of list** |
| Objections and requests for exclusion due to Class Counsel | **Within 45 days of Notice mailing** |
| Requests for exclusion and objections due to Defendant and the Court and Plaintiff's Motion for Final Approval due to Court | **Within 14 days prior to final approval hearing** |

| Final approval hearing | **[Insert Date at least 71 days from Order]** |
|---|---|

**IT IS SO ORDERED**.

Date: _____

                                                  ELIZABETH C. WRIGHT
                                                  United States Magistrate Judge

CASE 0:20-cv-01564-ECW   Doc. 43   Filed 03/15/21   Page 8 of 8