# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Borowske, individually and on behalf of all others similarly situated, and the proposed Rule 23 Class, | Case No. 0:20-CV-01564-ECW |
| Plaintiffs, | |
| v. | **ORDER** |
| FirstService Residential Minnesota, Inc., | |
| Defendant. | |

This case is before the Court on Plaintiff's Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement. (Dkt. 38.) The parties consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Civil Rules of Civil Procedure. (*See* Dkt. 36 (Consent); Dkt. 37 (Order).)

Having considered Plaintiff's Unopposed Motion; the Memorandum of Law in Support of Plaintiff's Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement (Dkt. 40); the Declaration of Kayla M. Kienzle, along with the Settlement Agreement and other exhibits (Dkts. 41, 41-1 to 41-11); Plaintiff's Meet and Confer Statement in Support of Plaintiff's Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement (Dkt. 42); and the filings, records, and pleadings in this matter, pursuant to Federal Rule of Civil Procedure 23(e), **IT IS ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Conditional and Class Certification and for Preliminary Approval of Settlement (Dkt. 38) is **GRANTED**.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for purposes of settlement only, the Court hereby certifies the claims in this lawsuit under the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. § 177.21, et seq., and the Minnesota Payment of Wages Act ("MPWA"), Minn. Stat. § 181.101, et seq., against FirstService Residential Minnesota, Inc. ("FirstService" or "Defendant") as a class action on behalf of the settlement group:

   All caretakers or those with similar job titles who worked for Defendant anytime from two years prior to the filing of the action on July 13, 2020 through February 2, 2021 for whom Defendant's records reflect overtime hours worked.

3. In support of certification of this settlement class, for purposes of settlement only, the Court finds as follows:

   a. The parties do not dispute, and the Court concludes, that the 100 eligible individuals satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

   b. There are several important questions of law common to all class members that satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a)(2), including whether Defendant's alleged practices violates the MFLSA and the MPWA, the proper measure of damages (which can be objectively determined primarily based on time and pay data), and whether FirstService's conduct was willful or in good faith.

c. Plaintiff Kevin Borowske's claims emanate from the same conduct of Defendant as that giving rise to the claims of the class members, and his claims are typical of the claims of the class members and satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a)(3). His claims do not conflict with those of other class members and rely upon the same legal theories.

d. Plaintiff Borowske has been thoroughly involved in this matter and can fairly and adequately represent the interests of the class members under the requirements of Federal Rule of Civil Procedure 23(a)(4). Plaintiff's Counsel, Nichols Kaster, PLLP, has extensive experience in wage and hour class and collective litigation and can fairly and adequately represent the interests of the class.

e. Questions common to the class predominate over any individual claims and resolving the common questions through the settlement of a class action is preferable to doing so through individual litigation of 100 cases, satisfying Federal Rule of Civil Procedure 23(b)(3).

f. Because Plaintiff Borowske is similarly situated to the members of the settlement class, and his interests are typical of the rest of the class, he can fairly and adequately represent the class, and therefore the Court certifies Plaintiff Borowske as class representative.

4. Pursuant to the FLSA, 29 U.S.C. § 216(b), for purposes of settlement only, the Court hereby also certifies this lawsuit as a collective action for unpaid overtime on behalf of the following settlement group:

   All caretakers or those with similar job titles who worked for Defendant anytime from two years prior to the filing of the action on July 13, 2020 through February 2, 2021 for whom Defendant's records reflect overtime hours worked.

5. In support of certification of the FLSA settlement group, for purposes of settlement only, the Court finds as follows:

   a. Plaintiff Borowske has shown a colorable basis for the claim that the putative collective members were victims of a single policy or plan.

   b. The factual and workplace settings of individual putative collective members do not detract from the commonalities of their claims.

   c. The various defenses available to Defendant do not appear to be individual to each of the putative collective members.

   d. It is most efficient, effective, and fair to grant relief through the mechanism of a collective action.

6. Both the proposed settlement class and collective consist of the same 100 individuals ("Eligible Settlement Class Members"). Because the class and collective actions are certified for the purposes of settlement only, should the settlement not become effective, this Order certifying the class and collective actions shall be vacated and the parties shall return to the positions they held prior to the entry of this Order. Nothing in this Order shall be construed or

used as an admission, concession, or presumption by or against Defendant or the Eligible Settlement Class Members.

7. The Court has conducted a preliminary review of the details of the proposed settlement, including information regarding distribution of the settlement and value, the mechanisms for notifying and paying settlement class and collective members, the percentage of anticipated recovery, attorney's fees and costs, and the class representative service award. The Court preliminarily finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Netzel v. W. Shore Grp., Inc.*, 2010 WL 1906955, at *2 (D. Minn. May 5, 2017) (considering an FLSA settlement).

8. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), and having found Michele R. Fisher and Kayla M. Kienzle of the law firm of Nichols Kaster, PLLP, to be adequate and qualified to represent the class, the Court appoints Michele R. Fisher and Kayla M. Kienzle of Nichols Kaster, PLLP, and their firm as Class Counsel to represent the Eligible Settlement Class Members.

9. The Court finds that the distribution of the Notice of Settlement ("Notice") as proposed and agreed to by the parties meets the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to receive notice.

10. The Court hereby approves distribution of the Notice via U.S. Mail and email as provided in the forms proposed in the motion and provided at Exhibits 3

(Dkt. 41-3), 4 (Dkt. 41-4), and 5 (Dkt. 41-5) to the Declaration of Kayla M. Kienzle (Dkt. 41).

11. Within five (5) days of this Order, Defendant will provide Class Counsel with information for each Eligible Settlement Class Member that identifies his/her name, last-known address, email, and last-four digits of social security number (the "Class List").

12. Within seven (7) days of receipt of the Class List, Class Counsel shall distribute the Notice to Eligible Settlement Class Members by U.S. Mail and by email.  The Court finds that the dissemination of the Notice in the manner set forth in paragraph 10 of this Order constitutes the best notice practicable under the circumstances as well as valid, due, and sufficient notice to all persons entitled thereto and complies fully with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

13. Because of the structure of the settlement, class and collective members who do not wish to be included in the settlement class need not submit any statement of exclusion.  They may opt out by declining to cash the settlement check they receive in the mail.  However, any class or collective member who wishes to object to the proposed settlement, request exclusion, or be heard at the final approval hearing and show cause why the proposed settlement should not be approved as fair, adequate, reasonable and in the settlement groups' best interests or why this Court should not enter final judgment may do so according to the following procedure:

    a. The individual must send notice of intent to object to the settlement or request exclusion to Class Counsel. The notice must contain name, address, case name (*Kevin Borowske, et al. v. FirstService Residential Minnesota, Inc.*, Case No. 20-CV-01564 (ECW)) and the individual's specific objection or request for exclusion.

    b. The notice of intent to object to the settlement or request exclusion must be submitted to Class Counsel at the following address on or before the 45-day period specified in the notice of settlement:

> Michele R. Fisher
> Kayla M. Kienzle
> Nichols Kaster, PLLP
> 4700 IDS Center, 80 South Eighth Street
> Minneapolis, Minnesota 55402
> Email: forms@nka.com
> Phone: (612) 256-3200
> Fax: (612) 215-6870

14. Any person who fails to object in the above-described manner shall be deemed to have waived any objections.

15. Class Counsel shall submit the requests for exclusion and the objections to the Court and Defendant's counsel on or before fourteen (14) days prior to the final approval hearing.

16. United States Magistrate Judge Elizabeth Cowan Wright will hold a final approval hearing in Courtroom 3C of the U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, or alternatively, by video conference via Zoom for Government on **July 26, 2021 at 10:00 a.m.** This hearing will address:

(a) whether the proposed settlement set forth in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interest of the class and collective members; (b) whether the class and collective members should be bound by the release set forth in the Settlement Agreement upon cashing their checks; and (c) whether to approve, with or without modification, the proposed class-representative award and the proposed attorney's fees and expenses of Class Counsel.  If the hearing is held by Zoom, the parties will be provided with the necessary information to attend the Zoom hearing in advance.  This hearing is subject to adjournment or continuance by the Court.

17. The deadline for Plaintiffs to file the Motion for Final Settlement Approval and Dismissal is on or before fourteen (14) days prior to the final approval hearing. The proposed Final Approval Order and associated proposed Judgment for Dismissal will be submitted to the Court simultaneously with the Motion for Final Settlement Approval and Dismissal.  If necessary, the parties will also file a letter with the Court on this date supplementing the Memorandum in Support of the Joint Motion for Preliminary Settlement Approval. The parties need only file this letter if the previously filed memorandum is incomplete or out of date regarding the issues of fairness, adequacy, and reasonableness of the settlement; the award to the class representative; attorney's fees and expenses of class counsel; and entry of judgment dismissing the matter with prejudice.

18. The parties shall take all reasonable steps to comply with the deadlines set forth in the Settlement Agreement and this Order and the following timeline:

| | |
|---|---|
| Defendant provides list for Notice | **Within 5 days of Order** |
| Class Counsel to send Notice | **Within 7 days of receipt of list** |
| Objections and requests for exclusion due to Class Counsel | **Within 45 days of Notice mailing** |
| Requests for exclusion and objections due to Defendant and the Court and Plaintiffs' Motion for Final Approval due to Court | **Within 14 days prior to final approval hearing** |
| Final approval hearing | **July 26, 2021 at 10:00 a.m.** |

Date: May 11, 2021

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

9