UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Borowske, individually and on behalf of all others similarly situated, and the proposed Minnesota Rule 23 Class,<br><br>Plaintiffs,<br><br>v.<br><br>FirstService Residential Minnesota, Inc.,<br><br>Defendant. | Case No. 20-cv-1564 (ECW)<br><br>**ORDER GRANTING FINAL APPROVAL OF RULE 23 CLASS AND COLLECTIVE ACTION SETTLEMENT** |

This case is before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement (Dkt. 48). The parties have consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Dkt. 37.) The Court has jurisdiction over this litigation and jurisdiction over the Parties. See 28 U.S.C. §§ 1331, 1367.

In the Court's order preliminarily approving the settlement agreement, the Court approved the parties' stipulation to certify the proposed class and collective action for settlement purposes. (Dkt. 46.) The Court further appointed class counsel. (*Id.*) Finally, the Court set deadlines for mailing notice and filing objections and requests for exclusion and scheduled a final approval hearing. (*Id.*)

On July 26, 2021, the Court conducted a final approval hearing by teleconference. (Dkt. 55.) During the hearing, the Court noted that there may be possible notice deficiencies with respect to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1711, *et*

*seq.* (*See id.*)  The parties then filed a letter stating that Defendant had not yet set the CAFA notice, requesting permission to do so, and proposing a time frame for notification and distribution of checks.  (Dkt. 57.)  The parties also filed a proposed order with that letter.  (Dkt. 58.)  The Unopposed Motion for Final Approval of Settlement is now ripe for decision.

Accordingly, having reviewed the parties' filings and their arguments at the preliminary and final approval hearings; the settlement agreements and exhibits; and based on all other filings, records, and pleadings in this matter; **IT IS ORDERED** that Plaintiff's Unopposed Motion for Final Approval of Settlement (Dkt. 48) is **GRANTED** as follows:

1. For the reasons stated in the preliminary approval Order, the Court makes final for the purposes of settlement the certification of the Minnesota Fair Labor Standards Act and the Minnesota Payment of Wages Act Rule 23 Class and Fair Labor Standards Act Collective consisting of the following:

> All caretakers or those with similar job titles who worked for Defendant anytime from two years prior to the filing of the action on July 13, 2020 through February 2, 2021 for whom Defendant's records reflect overtime hours worked.

2. The Court recognizes there are 100 individuals that meet this definition (the "Eligible Settlement Class Members").

3. When the Court preliminarily approved the settlement, it approved the form and manner of sending the settlement notices to the Eligible Settlement Class Members. The Court finds that the parties administered the distribution of the settlement notices in

the form and manner previously approved by the Court, and that the notice provided constitutes due and sufficient notice to all persons entitled to receive notice.

4. The Court finds that a full and fair opportunity has been afforded to the Eligible Settlement Class Members to participate in the proceedings convened to determine whether the settlement should be given final approval. None of the 100 Eligible Settlement Class Members objected to the settlement and none desired to be excluded.

5. The Court affirms its findings from the preliminary approval Order that the settlement reached is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *see also Netzel v. W. Shore Grp., Inc.*, 2010 WL 1906955, at *2 (D. Minn. May 5, 2017) (considering an FLSA settlement). As a result of the $225,000 settlement reached here, Eligible Settlement Class Members (after the deduction of attorneys' fees and costs, a Named Plaintiff service award, and the $50.00 minimum allocation per person) will recover 100% of their alleged overtime damages incurred upon recalculating the overtime premium for overtime hours worked to include the housing-credit compensation paid and $185.00 per month worth of living-related amenities for a two-year statutory period. It also provides an additional approximately 19.5% to account for interest/liquidated damages.

6. All Eligible Settlement Class Members will receive a settlement check. Only those who choose to participate in the settlement by cashing their check within 60 days of issuance will release their claims subject to the settlement. Those who do not cash their checks will not release any claims. This manner and method of settlement

ensures as many Eligible Settlement Class Members as possible may participate in the settlement.

7. Class Counsel seeks an attorneys' fee award of $75,000 and Defendant does not oppose this request. Despite the lack of opposition, the Court has considered the request through the lens of the percentage-of recovery and lodestar approaches. *See Netzel v. W. Shore Grp., Inc.*, 2017 WL 1906955, at *8 (D. Minn. May 7, 2017). The award amounts to 33.33% of the total settlement amount and follows efficient effort on the part of Class Counsel to achieve a fair and adequate recovery for the Eligible Settlement Class Members. Class Counsel took a risk in litigating a case that might not result in their compensation and helped secure payment for employees who likely would not have found representation to pursue individual claims. The Court therefore finds the attorneys' fee requested to be fair and reasonable in light of the results obtained for the Eligible Settlement Class Members by Class Counsel from the law firm of Nichols Kaster, PLLP, and the time spent by Class Counsel. Class Counsel's experience in litigating wage and hour class and collective actions, and informed opinions of the fairness of the settlement, provide further weight in support of approval.

8. The Court approves of Class Counsel's request for reimbursement for litigation costs in the amount of $8,502.95 as reasonable.

9. The Court approves of the requested class representative service award of $2,500 for Plaintiff Kevin Borowske as fair and reasonable for his effort and assistance with this case.

10. To the extent that notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, *et seq.*, has not yet been sent, within three (3) days of this Order, Defendant will send CAFA notice to the appropriate authorities. Within five (5) days of the expiration of the 90-day CAFA notice period, or sooner if the appropriate officials have responded, the parties will request that the Court allow Class Counsel to distribute settlement checks.

11. Consistent with the Settlement Agreement, the Court approves the following timeline for the resolution of this matter:

   (a) Defendant shall deliver the settlement checks, including the payment to Class Counsel, to Class Counsel within 30 days of the Court's Order authorizing the distribution of settlement checks.

   (b) Class Counsel shall promptly mail the settlement checks to the Eligible Settlement Class Members along with the Notice provided at Dkt. 41-5.

   (c) Eligible Settlement Class Members shall have 90 days from the issuance of the checks to cash their settlement checks. By doing so, they will be opting into the case and agreeing to the scope of the release in the settlement, which is also provided in the Notice, and set forth below:

   If you cash the settlement check (1) you will be consenting to join the action and settlement; (2) you will waive and release all federal and state law wage claims you have, or may have brought, against Defendant (including its past and present owners(s), officers, and directors) from July 13, 2018 to February 2, 2021 including, but not

5

        limited to: overtime; minimum wage; breach of contract to pay wages; recordkeeping; hours of work; and any statutory liquidated damages and attorneys' fees and costs related to the claims released ("Released Claims"); (3) you will be bound by the terms and conditions of the settlement as to your Released Claims; and (4) you will give up the right to sue Defendant for your Released Claims.

      (d)      The parties will reach agreement for language on the back side of the checks regarding opting in and the release.

      (e)      Eligible Settlement Class Members who do not cash their checks will not release any claims against Defendant and will retain any rights they may have to file or proceed with their own lawsuit against Defendant.

      (f)      Within 55 days of the expiration of the 90-day check-cashing period, the parties shall file with the Court a stipulation for dismissal. In the stipulation, the parties will identify those who failed to timely cash their checks, and their claims will be dismissed without prejudice. The parties will also identify those who cashed their checks, and their claims asserted in this action, and subject to the release, will be dismissed with prejudice.

    12.    Plaintiff's Counsel received consent forms from Taj Francis and JeRome Thomas Jr. and filed them with the Court. Neither worked for Defendant as a caretaker and as a result, they are not eligible to make a claim in this case and were not included in the settlement allocation. Both have been notified but have not withdrawn.

13. Plaintiffs JeRome Thomas Jr. and Taj Francis are dismissed **WITHOUT PREJUDICE**.

14. If there are any claims in this litigation that are not resolved by the foregoing provisions of this Order, judgment shall be and hereby is entered dismissing such claims without prejudice and without taxation of costs in favor of or against any party.

15. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, the Plaintiff, or the class and collective members.

16. Without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the litigation for purposes of supervising, implementing, interpreting, and enforcing this Order and the Settlement Agreement.

Date:   October 6, 2021                 s/ *Elizabeth Cowan Wright*
                                        ELIZABETH COWAN WRIGHT
                                        United States Magistrate Judge