UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────

Kevin Borowske, individually and
on behalf of all others similarly situated,
and the Minnesota Rule 23 Class,

        Plaintiffs,

v.

FirstService Residential Minnesota, Inc.,

        Defendant.

Case No. 0:20-cv-01564-ECW

───────────────────────────────────────────────

**[PROPOSED ORDER] ON JOINT MOTION FOR AN ORDER AUTHORIZING THE DISTRIBUTION OF SETTLEMENT CHECKS**

───────────────────────────────────────────────

This matter is before the Court on the parties' Joint Motion for Distribution of Settlement Checks (ECF No. 59.)  Having reviewed the motion and the filings and the arguments at the preliminary and final approval hearings; the Settlement Agreement and Exhibits; and based on all other records and pleadings in this matter, **IT IS HEREBY ORDERED** as follows:

    1.    On October 6, 2021, the Court granted Plaintiff's Unopposed Motion for Final Approval of the Settlement and instructed Defendant to send the notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, *et seq.* (ECF No. 58.)

    2.    On October 7, 2021, Defendant sent the notice required by CAFA.  On January 5, 2022, the 90-day CAFA notice period expired.  Defendant did not receive any objections or other responses from the authorities to the CAFA notice.

3. Accordingly, the Court authorizes the distribution of settlement checks according to the timeline for final resolution in paragraph 11 of the Court's Final Approval Order (ECF No. 58) as follows:

(a) Defendant shall deliver Eligible Settlement Class Members' settlement checks, and payment to Class Counsel, to Class Counsel within 30 days of this Order.[1]

(b) Class Counsel shall promptly mail the settlement checks to the Eligible Settlement Class Members along with the Notice provided at ECF No. 41–5.

(c) Eligible Settlement Class Members shall have 90 days from the issuance of checks to cash their settlement checks. By doing so, they will be opting into the case and agreeing to the scope of the release in the settlement, which is also provided in the Notice, and set forth below:

If you cash the settlement check (1) you will be consenting to join the action and settlement; (2) you will waive and release all federal and state law claims you have, or may have brought, against Defendant (including its past and present owners(s), officers and directors) from July 13, 2018 to February 2, 2021 including, but not limited to: overtime; minimum wage; breach of contract to pay wages; recordkeeping; hours of work; and any statutory liquidated damages and attorneys' fees and costs related to the claims released ("Released Claims"); (3) you will be bound by the terms and conditions of the settlement as to your Released Claims; and (4) you will give up the right to sue Defendant for your Released Claims.

---

[1] Alternatively, Defendant may wire Class Counsel's payment.

      (d)      The parties have agreed on the language to be printed on the back side of the checks regarding opting in and the release. The back of the check shall state: "Cashing releases all federal and MN state wage and hour claims from July 13, 2018 to February 2, 2021."

      (e)      Eligible Settlement Class Members who do not cash their checks will not release any claims against Defendant and will retain any rights they have to file or proceed with their own lawsuit against Defendant.

      (f)      Within 55 days of the 90-day check-cashing period, the parties shall file with the Court a stipulation for dismissal. In the stipulation, the parties will identify those who failed to timely cash their checks and their claims will be dismissed without prejudice. The parties will also identify those who cashed their checks and their claims asserted in this action, and subject to the release, will be dismissed with prejudice.

4.      Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, the Plaintiff, or the class and collective members.

5.      Without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the litigation for purposes of supervising, implementing, interpreting, and enforcing this Order and the Settlement Agreement.

**IT IS SO ORDERED**.

Date: _____

                                                ELIZABETH COWAN WRIGHT
United States Magistrate Judge